# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF THE BRONX
-------------------------------------------------------------------------x
KENNETH J. MORENO

SUMMONS 304087-2014

Plaintiff,

-against-

THE CITY OF NEW YORK; CYRUS VANCE, as District
Attorney, New York County; LISA FRIEL, as Former Bureau
Chief, Sex Crimes Unit, New York County District Attorney's
Office; COLEEN BALBERT, as Former Deputy Bureau Chief,
Sex Crimes Unit, New York County District Attorney's Office;
RANDOLPH CLARKE, as Assistant District Attorney, New
York County District Attorney's Office; EDWARD J. TAACHI,
as Former Senior Investigator, Investigations Unit, New York
County District Attorney's Office; CHARLES V. CAMPISI, as
Former Bureau Chief, NYPD Internal Affairs Bureau; EAMON
F. DEERY, as Captain, NYPD Internal Affairs Bureau Group
No.: 12; MARIA COOD-PEREZ, as Lieutenant, NYPD Internal
Affairs Bureau Group No.: 12, each being sued individually and
in their official capacities as employees of defendant THE CITY
OF NEW YORK; HOME BOX OFFICE, INC. and LISA F.
JACKSON, as Filmmaker, Home Box Office, Inc., each being
sued individually and in their official capacities as employees of
defendant HOME BOX OFFICE, INC.; BAUMAN, KATZ &
GRILL, LLP; RICH, INTELISANO & KATZ, LLP;
KATHERINE CHOW; DANIEL E. KATZ, as a Partner and
employee of defendants' BAUMAN, KATZ & GRILL, LLP
and RICH, INTELISANO & KATZ, LLP, being sued
individually and in his official capacity and YASMINE R.
SAEED as an employee of defendants' BAUMAN, KATZ &
GRILL, LLP and RICH, INTELISANO & KATZ, LLP, being
sued individually and in her official capacity

Defendants
-------------------------------------------------------------------------x

To:     Defendants' THE CITY OF NEW YORK; CYRUS VANCE; LISA FRIEL; COLEEN
        BALBERT; RANDOLPH CLARKE; EDWARD J. TAACHI; CHARLES V. CAMPISI;
        EAMON F. DEERY; MARIA COOD-PEREZ; HOME BOX OFFICE, INC.; LISA F.
        JACKSON; BAUMAN, KATZ & GRILL, LLP;  RICH, INTELISANO & KATZ, LLP;
        KATHERINE CHOW and YASMINE R. SAEED

You are hereby summoned and required to serve upon plaintiff's attorney an answer to the attached Verified Complaint.

If this summons was personally served upon you within the State of New York, the answer must be served within twenty days after such service of the summons, excluding the date of service. If the summons was not personally served to you within the State of New York, the answer must be served within thirty days after service of the summons is complete as provided by law.

If you do not serve an answer to the attached Verified Complaint within the applicable time limitation stated above, a judgment may be entered against you, by default, for the relief demanded in the Verified Complaint, without further notice to you.

The action will be heard in the Supreme Court of the State of New York, County of the Bronx, 851 Grand Concourse, Bronx, N.Y. 10451. This action was filed in the Bronx because parts of the defendants' actions occurred in the Bronx.

Dated: July 29, 2014
New York, NY

Respectfully submitted,

By:  _(signature)_
Eric Sanders

Eric Sanders, Esq.
**THE SANDERS FIRM, P.C.**
1140 Avenue of the Americas, 9th Floor
New York, NY 10036
(800) 371-4835 (Business Telephone)
(212) 537-9081 (Facsimile)

Website: http://www.thesandersfirmpc.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF THE BRONX
-----------------------------------------------------------------------x

KENNETH J. MORENO

                            Plaintiff,

       -against-

THE CITY OF NEW YORK; CYRUS VANCE, as District
Attorney, New York County; LISA FRIEL, as Former Bureau
Chief, Sex Crimes Unit, New York County District Attorney's
Office; COLEEN BALBERT, as Former Deputy Bureau Chief,
Sex Crimes Unit, New York County District Attorney's Office;
RANDOLPH CLARKE, as Assistant District Attorney, New
York County District Attorney's Office; EDWARD J. TAACHI,
as Former Senior Investigator, Investigations Unit, New
York County District Attorney's Office; CHARLES V. CAMPISI, as
Former Bureau Chief, NYPD Internal Affairs Bureau; EAMON
F. DEERY, as Captain, NYPD Internal Affairs Bureau Group
No.: 12; MARIA COOD-PEREZ, as Lieutenant, NYPD Internal
Affairs Bureau Group No.: 12, each being sued individually and
in their official capacities as employees of defendant THE CITY
OF NEW YORK; HOME BOX OFFICE, INC. and LISA F.
JACKSON, as Filmmaker, Home Box Office, Inc., each being
sued individually and in their official capacities as employees of
defendant HOME BOX OFFICE, INC.; BAUMAN, KATZ &
GRILL, LLP; RICH, INTELISANO & KATZ, LLP;
KATHERINE CHOW; DANIEL E. KATZ, as a Partner and
employee of defendants' BAUMAN, KATZ & GRILL, LLP
and RICH, INTELISANO & KATZ, LLP, being sued
individually and in his official capacity and YASMINE R.
SAEED as an employee of defendants' BAUMAN, KATZ &
GRILL, LLP and RICH, INTELISANO & KATZ, LLP, being
sued individually and in her official capacity

                         Defendants
-----------------------------------------------------------------------x

**VERIFIED COMPLAINT
AND JURY DEMAND**

     The plaintiff KENNETH J. MORENO, by his attorney The Sanders Firm, P.C., files this

verified complaint against defendants' THE CITY OF NEW YORK; CYRUS VANCE; LISA

FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TAACHI; CHARLES V.

CAMPISI; EAMON F. DEERY; MARIA COOD-PEREZ; HOME BOX OFFICE, INC.; LISA

F. JACKSON; BAUMAN, KATZ & GRILL, LLP;  RICH, INTELISANO & KATZ, LLP;

KATHERINE CHOW and YASMINE R. SAEED, that respectfully set forth and allege that:

## INTRODUCTION

This is an action for equitable relief and money damages on behalf of plaintiff

KENNETH J. MORENO, (hereinafter referred to as "plaintiff") who was and is being deprived

of his constitutional rights as an United States Citizen as a result of defendants' THE CITY OF

NEW YORK; CYRUS VANCE; LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE;

EDWARD J. TAACHI; CHARLES V. CAMPISI; EAMON F. DEERY; MARIA COOD-

PEREZ; HOME BOX OFFICE, INC.; LISA F. JACKSON; BAUMAN, KATZ & GRILL, LLP;

RICH, INTELISANO & KATZ, LLP; KATHERINE CHOW and YASMINE R. SAEED'S

conduct.

## JURISDICTION AND VENUE

1.      The jurisdiction of this Court is invoked to redress deprivation of plaintiff's

constitutional rights secured by:

      a.      the Civil Rights Act of 1866, 42 U.S.C. § 1981, providing for the

           protection of all person's right to make and enforce contracts under the

           color of state law; and

      b.      the Civil Rights Act of 1871, 42 U.S.C. § 1983, providing for the

           protection of all persons in his civil rights and the redress of deprivation of

           rights under color of law, and

      c.      the Civil Rights Act of 1871, 42 U.S.C. § 1985(2), providing for

           protection against two or more persons who conspire for the purpose of

           impeding, hindering, obstructing, or defeating, in any manner, the due

2

course of justice in any State or Territory, with intent to deny to any

citizen the equal protection of the laws, or to injure him or his property for

lawfully enforcing, or attempting to enforce, the right of any person, or

class of persons, to the equal protection of the laws.

2.      The unlawful constitutional practices, violations of plaintiff's civil rights

complained of herein were committed within New York, Kings and Bronx Counties.

## PROCEDURAL REQUIREMENTS

3.      Plaintiff has filed suit with this Court within the applicable statute of limitations

period.

4.      Plaintiff is not required to exhaust any administrative procedures prior to suit under

the Civil Rights Act of 1866 or 1871.

## PLAINTIFF

5.      Plaintiff KENNETH J. MORENO is a male citizen of the United States of

America, over twenty-one (21) years of age, resident of Kings County and former employee of

defendant THE CITY OF NEW YORK.

## DEFENDANTS'

6.      Defendant THE CITY OF NEW YORK is a municipal corporation organized

under the laws of the State of New York.

7.      Defendants' CYRUS VANCE, as District Attorney, New York County; LISA

FRIEL, as Former Bureau Chief, Sex Crimes Unit, New York County District Attorney's

Office; COLEEN BALBERT, as Former Deputy Bureau Chief, Sex Crimes Unit, New York

County District Attorney's Office; RANDOLPH CLARKE, as Assistant District Attorney, New

York County District Attorney's Office; EDWARD J. TAACHI, as Former Senior Investigator,

3

Investigations Unit, New York County District Attorney's Office; CHARLES V. CAMPISI, as

Former Bureau Chief, NYPD Internal Affairs Bureau; EAMON F. DEERY, as Captain, NYPD

Internal Affairs Bureau; MARIA COOD-PEREZ, as Lieutenant, NYPD Internal Affairs Bureau

Group No.: 12.

8.     Defendant HOME BOX OFFICE, INC., is a duly registered New York State

Foreign Business Corporation with its Principle Executive Offices located at 1100 Avenue of the

Americas New York, N.Y. 10036.

9.     Defendant LISA F. JACKSON, as Filmmaker, Home Box Office, Inc.

10.     Defendants' BAUMAN, KATZ & GRILL, LLP; RICH, INTELISANO & KATZ,

LLP; KATHERINE CHOW and YASMINE R. SAEED.

## BACKGROUND

11.     Plaintiff, prior to his termination was employed as a police officer with the Police

Department City of New York (NYPD).

12.     Plaintiff alleges prior to filing this verified complaint, he was assigned to the 9th

Precinct in Manhattan South.

13.     Plaintiff alleges prior to filing this verified complaint, he was a tenured civil

servant close to his 20th year work anniversary when he would have become eligible for full

retirement benefits.

14.     Plaintiff alleges this case is similar to JABBAR COLLINS v. CITY OF NEW

YORK, ET AL., 11 cv 00766 EDNY filed on February 16, 2011, in that he was falsely arrested,

prosecuted and incarcerated in violation of his constitutional rights.

15.     Plaintiff alleges from December 7, 2008 to this day, the New York County

District Attorney's Office under Robert Morgenthal and defendant CYRUS VANCE

4

investigates, prosecutes and makes other charging decisions based upon race, political affiliations and other improper factors designed to ensure their own pecuniary gain.

16.     Plaintiff alleges defendant THE CITY OF NEW YORK is well aware that prosecutorial misconduct is serious problem within the New York County District Attorney's Office but does nothing to curtail these practices.

17.     Plaintiff alleges defendant THE CITY OF NEW YORK rarely if ever disciplines any employees working with the New York County District Attorney's Office for intentional 'Brady' violations and other forms of prosecutorial misconduct.

18.     Plaintiff alleges from December 7, 2008 to this day, defendant THE CITY OF NEW YORK does not have specific training or supervision protocols in place to ensure African-American and Hispanic Males constitutional rights are protected from malicious prosecutions and other forms of prosecutorial misconduct in the New York County District Attorney's Office.

19.     Plaintiff alleges from December 7, 2008 to this day, defendant THE CITY OF NEW YORK does not have specific training or supervision protocols in place to ensure Caucasian Males are not receiving more favorable treatment and protected from malicious prosecutions and other forms of prosecutorial misconduct in the New York County District Attorney's Office.

20.     Plaintiff alleges from December 7, 2008 to this day, if the accused is an African-American or Hispanic Male they are more likely to be charged with serious crimes such as Rape in the First Degree with unreliable evidence, then are pled out or convicted through prosecutorial misconduct in the New York County District Attorney's Office.

21.     Plaintiff alleges from December 7, 2008 to this day, if the accused is a Caucasian Male, they are not likely to be charged with serious crimes such as Rape in the First Degree with

5

unreliable evidence, leading to more declined prosecutions or dismissals than similarly situated African-American or Hispanic Males in the New York County District Attorney's Office.

22.     Plaintiff alleges two similar incidents involving Caucasian Males resulted in improperly declined prosecutions or dismissals in the New York County District Attorney's Office under defendant CYRUS VANCE.

23.     Plaintiff alleges on or about August 23, 2011, defendant CYRUS VANCE improperly declined prosecution in the alleged Rape in the First Degree case filed against Dominique Strauss-Kahn (Caucasian Male), the Former Ministry of Economy, Industry and Employment of France and Former Managing Director of the International Monetary Fund because of Nafissatou Diallo's "credibility" problems.

24.     Plaintiff alleges defendant CYRUS VANCE declined prosecution against Dominique Strauss-Kahn because he is a privileged Caucasian Male with political power accused of Rape in the First Degree by an African female service employee without privilege and political power.

25.     Plaintiff alleges in or around October 2011, defendant CYRUS VANCE improperly declined prosecution in the alleged Rape in the First Degree case filed against Fox News Anchor Greg Kelly (Caucasian Male), son of Former Police Commissioner Raymond W. Kelly because of Maria Di Toro's "credibility" problems.

26.     Plaintiff alleges defendant CYRUS VANCE declined prosecution against Fox News Anchor Greg Kelly because he is a privileged Caucasian Male with political power accused of Rape in the First Degree by a female working class employee without privilege and political power.

27.     Plaintiff alleges defendant CYRUS VANCE improperly initiated prosecution

6

against him for Rape in the First Degree, Burglary in the Second Degree and Official Misconduct although the alleged victim defendant KATHERINE CHOW had the same if not worse "credibility" problems than the victims in the Dominique Strauss-Kahn and Greg Kelly case.

28.     Plaintiff alleges defendant CYRUS VANCE improperly initiated prosecution against him because he was a Puerto-Rican (Hispanic) Male police officer being accused of Rape in the First Degree and the prosecution if successful would lead to his pecuniary gain.

29.     Plaintiff alleges on or about December 7, 2008, while working uniformed patrol in the 9th Precinct, he responded to a job where he met defendant KATHERINE CHOW who appeared to be intoxicated.

30.     Plaintiff alleges he and his former partner Franklin Mata (Hispanic Male) assisted defendant KATHERINE CHOW into her apartment.

31.     Plaintiff alleges defendant KATHERINE CHOW expressed a sexual interest in him until she found out that he is Puerto Rican instead of Italian.

32.     Plaintiff alleges after he and his former partner Franklin Mata left, defendant KATHERINE CHOW contacted defendant YASMINE R. SAEED.

33.     Plaintiff alleges shortly thereafter, defendant KATHERINE CHOW called the NYPD Internal Affairs Bureau to report her encounter with him.

34.     Plaintiff alleges defendant YASMINE R. SAEED contacted defendant BAUMAN, KATZ & GRILL, LLP to discuss defendant KATHERINE CHOW'S encounter with him.

35.     Plaintiff alleges defendants' KATHERINE CHOW; BAUMAN, KATZ & GRILL, LLP and YASMINE R. SAEED conspired with one another to use the encounter to file baseless civil rights allegations against he, former partner Franklin Mata and defendant THE

7

CITY OF NEW YORK with the hopes of securing a financial settlement or a jury verdict for their pecuniary gain.

36.    Plaintiff alleges the conspiracy included using the criminal justice system to meet their goals.

37.    Plaintiff alleges the original callout was routed from the NYPD Internal Affairs Bureau Command Center 315 Hudson Street, New York, N.Y., to NYPD Internal Affairs Bureau Group No.: 12, which investigates allegations of criminal and serious misconduct in Manhattan South.

38.    Plaintiff alleges the original callout was assigned to Detective Second Grade Diane L. Davis (African-American Female).

39.    Plaintiff alleges shortly thereafter, Detective Second Grade Diane L. Davis interviewed defendant KATHERINE CHOW and found her NOT CREDIBLE.

40.    Plaintiff alleges Detective Second Grade Diane L. Davis made notes of her interview with defendant KATHERINE CHOW.

41.    Plaintiff alleges Detective Second Grade Diane L. Davis informed her supervisors of her initial findings.

42.    Plaintiff alleges Detective Second Grade Diane L. Davis supervisors chastised her for writing notes about her interview with defendant KATHERINE CHOW.

43.    Plaintiff alleges Detective Second Grade Diane L. Davis believed this matter was not criminal but a form of misconduct based upon similar matters handled by the NYPD Internal Affairs Bureau and other investigative mechanisms within the police department.

44.    Plaintiff alleges after handling the initial callout, Detective Second Grade Diane L. Davis was removed and the case was reassigned to Retired Detective Dianne Spence

(Caucasian Female).

45.     Plaintiff alleges from the outset, Retired Detective Dianne Spence was less than objective, believing he raped defendant KATHERINE CHOW although the physical evidence indicated otherwise.

46.     Plaintiff alleges between December 10, 2008 and December 11, 2008, defendant KATHERINE CHOW continued with her scheme to fraudulently obtain taxpayer monies cooperating with the criminal investigation against he and former partner Franklin Mata, meeting with defendants' LISA FRIEL; COLEEN BALBERT; EDWARD J. TAACHI and EAMON F. DEERY.

47.     Plaintiff alleges during the interview, defendant KATHERINE CHOW claimed she and her friends went to the "South Paw Bar" located in Brooklyn to celebrate her going away party.

48.     Plaintiff alleges prior to leaving defendant KATHERINE CHOW'S residence she claimed to have drank a half bottle of champagne.

49.     Plaintiff alleges approximately 3.5 hours later, defendant KATHERINE CHOW claimed she and her friends arrived at the "South Paw Bar" located in Brooklyn.

50.     Plaintiff alleges defendant KATHERINE CHOW claimed she met with other friends and later became intoxicated.

51.     Plaintiff alleges defendant KATHERINE CHOW claimed she was in and out of consciousness throughout the evening.

52.     Plaintiff alleges defendant KATHERINE CHOW claimed to recall waking up in front of her building inside of a taxicab.

53.     Plaintiff alleges defendant KATHERINE CHOW claimed she was assisted by the

taxicab driver getting out of the vehicle.

54.     Plaintiff alleges defendant KATHERINE CHOW claimed he assisted her as she vomited into the toilet.

55.     Plaintiff alleges defendant KATHERINE CHOW claimed he told her to drink water.

56.     Plaintiff alleges defendant KATHERINE CHOW claimed he raised her pelvic area and had vaginal sex with her from behind.

57.     Plaintiff alleges he DID NOT have vaginal sex or any other type of sex with defendant KATHERINE CHOW.

58.     Plaintiff alleges there is NO EVIDENCE to support any charge he had vaginal sex or any other type of sex with defendant KATHERINE CHOW.

59.     Plaintiff alleges defendant KATHERINE CHOW sent the following messages via private messaging on Facebook to her friend Lauren

> Lauren:      dude…are you good? You trainer has your coat. So happy to see you last night. Got you in a cab and hope you got home safe.
>
> Katherine:   soooo glad he has it – yeah Im okay but I lost my phone. I need you guys to fill me in with what happened. I blacked out. Really bad. How does my trainer have my coat? Does he by chance have my phone? Was I really fucked up? I am not coming to work tomorrow. Email me instead……..

60.     Plaintiff alleges shortly thereafter, defendants' THE CITY OF NEW YORK; CYRUS VANCE; LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TAACHI; CHARLES V. CAMPISI; EAMON F. DEERY; MARIA COOD-PEREZ; BAUMAN,

KATZ & GRILL, LLP;  and YASMINE R. SAEED advised defendant KATHERINE CHOW to change the settings and at some point, close her Facebook Personal Page.

61.     Plaintiff alleges defendant EDWARD TACCHI showed defendant KATHERINE CHOW Photo Array Nos.: 6064 and 6065, she was unable to identify him.

62.     Plaintiff alleges defendant KATHERINE CHOW claimed the next morning, she awakened, took a shower and went upstairs to meet with defendant YASMINE R. SAEED.

63.     Plaintiff alleges defendant KATHERINE CHOW claimed she went to Beth Israel Hospital accompanied by defendant YASMINE R. SAEED.

64.     Plaintiff alleges defendant KATHERINE CHOW claimed she was examined by a emergency room physician who processed a sex evidence collection kit.

65.     Plaintiff alleges on or about December 12, 2008, defendants' EAMON F. DEERY; MARIA CODD-PEREZ and EDWARD J. TAACHI interviewed Mr. Andom Diriki Mangum as noted on Worksheet No.: 6.

66.     Plaintiff alleges Mr. Mangum told defendants' EAMON F. DEERY; MARIA CODD-PEREZ and EDWARD J. TAACHI, defendant KATHERINE CHOW walked upstairs "under her own power."

67.     Plaintiff alleges eight (8) days later, on or about December 15, 2008, defendant EDWARD J. TAACHI along with the NYPD Crime Scene Unit and internal affairs personnel collected evidence from defendant KATHERINE CHOW'S residence.

68.     Plaintiff alleges the NYPD Crime Scene Unit collected hair and semen samples not belonging to him but did not test them against the Federal Bureau of Investigations Combined DNA Index System aka CODIS or the New York State DNA Databank maintained by the Division of Criminal Justice.

11

69.     Plaintiff alleges on or about December 17, 2008, the samples collected weeks earlier at Beth Israel Hospital from defendant KATHERINE CHOW tested NEGATIVE for semen.

70.     Plaintiff alleges on or about December 17, 2008, defendants' COLEEN BALBERT; EAMON F. DEERY and MARIA CODD-PEREZ tried to set up a controlled meet between him and defendant KATHERINE CHOW in front of the 9th Precinct.

71.     Plaintiff alleges on or about December 19, 2008, defendant CHARLES V. CAMPISI ordered defendant EAMON F. DEERY to 'Modify' him for the 'Good of the Department.'

72.     Plaintiff alleges defendant MARIA E. CODD-PEREZ removed all of his Department property.

73.     Plaintiff alleges between December 23, 2008 through April 4, 2011, defendants' THE CITY OF NEW YORK; CYRUS VANCE; LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TAACHI; CHARLES V. CAMPISI; EAMON F. DEERY and MARIA COOD-PEREZ secured and executed several search warrants against him that yielded NO EVIDENCE to support Rape in the First Degree or related charges against him.

74.     Plaintiff alleges on or about September 4, 2009, defendant EDWARD J. TAACHI reviewed a copy of the Notice of Claim filed by defendant KATHERINE CHOW where she alleged he stole her Blackberry from her residence.

75.     Plaintiff alleges defendant EDWARD J. TAACHI investigated the aforementioned allegation in December 2008, where he determined defendant KATHERINE CHOW lost her Blackberry near 'South Paw' in Brooklyn.

76.     Plaintiff alleges defendant KATHERINE CHOW filed this Notice of Claim under

12

penalty of perjury and perjured herself because based upon her own comments via Facebook, she already knew she lost her Blackberry but intentionally filed a false claim to bolster her case as an alleged victim.

77.     Plaintiff alleges defendants' THE CITY OF NEW YORK; CYRUS VANCE; LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TAACHI; CHARLES V. CAMPISI; EAMON F. DEERY; MARIA COOD-PEREZ; BAUMAN, KATZ & GRILL, LLP;  and YASMINE R. SAEED knew defendant KATHERINE CHOW perjured herself but did nothing to protect his constitutional rights because they were more concerned with their own pecuniary interests.

78.     Plaintiff alleges on or about December 2, 2009, defendants' BAUMAN, KATZ & GRILL, LLP; KATHERINE CHOW and YASMIN R. SAEED maliciously filed a frivolous federal lawsuit in the Southern District of New York 09 cv 9895 alleging he raped and sexually assaulted defendant KATHERINE CHOW to extort monies out of he and defendant THE CITY OF NEW YORK when they already knew there was absolutely no objective credible evidence defendant KATHERINE CHOW was the victim of any crime or police misconduct.

79.     Plaintiff alleges on or about December 17, 2009, defendants' THE CITY OF NEW YORK; CYRUS VANCE; LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; and EDWARD J. TAACHI pursuant to a search warrant seized a hair sample from him, the hair sample did not yield credible evidence to support any criminal charge.

80.     Plaintiff alleges on or about April 4, 2011, the criminal trial commenced against him.

81.     Plaintiff alleges throughout the trial, New York Supreme Court Judge Gregory Carro was inattentive at times including using his personal cellular telephone to send text

13

messages.

82.     Plaintiff alleges shortly before the trial concluded, he found out defendants' THE
CITY OF NEW YORK; CYRUS VANCE; LISA FRIEL; COLEEN BALBERT and EDWARD
J. TAACHI actively participated in violating his 'Brady' and other constitutional rights by
participating in defendants' HOME BOX OFFICE, INC. and LISA F. JACKSON'S
documentary entitled 'Sex Crimes Unit' where discussions and other materials were developed
but not turned over to him including more than eighty (80) hours of raw footage.

83.     Plaintiff alleges defendants' THE CITY OF NEW YORK; CYRUS VANCE;
LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TAACHI; HOME
BOX OFFICE, INC. and LISA F. JACKSON actively participated in violating his constitutional
rights by refusing to turn over 'Brady' materials because they wanted to protect their pecuniary
interest in the successful outcome of defendants' HOME BOX OFFICE, INC. and LISA F.
JACKSON'S documentary entitled 'Sex Crimes Unit.'

84.     Plaintiff alleges his conviction for Rape in the First Degree would have ensured
defendants' THE CITY OF NEW YORK; CYRUS VANCE; LISA FRIEL; COLEEN
BALBERT; RANDOLPH CLARKE; EDWARD J. TAACHI; HOME BOX OFFICE, INC. and
LISA F. JACKSON'S success.

85.     Plaintiff alleges the 'Brady' materials would have further supported his legal
position that defendant KATHERINE CHOW is nothing other than an opportunist with no
credibility.

86.     Plaintiff alleges New York Supreme Court Judge Gregory Carro refused to
declare a 'mistrial' despite this serious 'Brady' violation along with the other prosecutorial
misconduct.

14

87.    Plaintiff alleges on or about May 17, 2011, the criminal trial concluded.

88.    Plaintiff alleges on or about May 26, 2011, the jury convicted him of three (3) counts of Official Misconduct a Misdemeanor, based upon a clear error of law by the Court, jury confusion and prosecutorial misconduct.

89.    Plaintiff alleges defendants' THE CITY OF NEW YORK; CYRUS VANCE; LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE and EDWARD J. TAACHI'S 'Brady' violations and other related prosecutorial misconduct affected the jury verdict.

90.    Plaintiff alleges New York Supreme Court Judge Gregory Carro refused to declare a 'mistrial' post-verdict despite the serious 'Brady' violations, along with the other prosecutorial misconduct.

91.    Plaintiff alleges after his conviction, he remained out on bail.

92.    Plaintiff alleges on or about June 10, 2011, he received his final check as an employee of defendant THE CITY OF NEW YORK.

93.    Plaintiff alleges on or about June 20, 2011, defendants' THE CITY OF NEW YORK; CYRUS VANCE; LISA FRIEL; COLEEN BALBERT and EDWARD J. TAACHI appeared in defendants' HOME BOX OFFICE, INC. and LISA F. JACKSON'S documentary entitled 'Sex Crimes Unit' which was released during the Los Angeles Film Festival.

94.    Plaintiff alleges defendants' THE CITY OF NEW YORK; CYRUS VANCE; LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TAACHI; HOME BOX OFFICE, INC. and LISA F. JACKSON achieved little fanfare because he was acquitted of Rape in the First Degree and related felony charges.

95.    Plaintiff alleges on or about August 8, 2011, New York Supreme Court Judge Gregory Carro sentenced him to one-year in jail.

15

96.     Plaintiff alleges on or about September 1, 2011, defendants' THE CITY OF NEW YORK and CYRUS VANCE fired defendant LISA FRIEL for committing pre-trial 'Brady' violations then failing to turn over more than eighty (80) hours of raw footage from defendants' HOME BOX OFFICE, INC. and LISA F. JACKSON'S documentary entitled 'Sex Crimes Unit' to him during the prosecution.

97.     Plaintiff alleges post-trial, defendant LISA FRIEL became the Vice President of Sexual Misconduct Consulting & Investigations for T & M Protections Services and proudly references on her company profile appearing in defendant HOME BOX OFFICE and LISA F. JACKSON'S documentary entitled 'Sex Crimes Unit.'

98.     Plaintiff alleges post-trial, defendant COLEEN BALBERT became the Chief of the Sex Crimes Unit in the Kings County District Attorney's Office and Adjunct Professor with the Pace University School of Law.

99.     Plaintiff alleges on or about July 2, 2012, Southern District Judge Barbara S. Jones dismissed the federal civil rights claims filed by defendants' BAUMAN, KATZ & GRILL, LLP; KATHERINE CHOW and YASMIN R. SAEED against defendant THE CITY OF NEW YORK pursuant to Rule 12 of the Federal Rules of Civil Procedure.

100.    Plaintiff alleges on or about July 2, 2012, defendants' BAUMAN, KATZ & GRILL, LLP; KATHERINE CHOW and YASMIN R. SAEED maliciously filed a frivolous amended federal lawsuit in the Southern District of New York 09 cv 9895 alleging he raped and sexually assaulted defendant KATHERINE CHOW to extort monies out of he and defendant THE CITY OF NEW YORK when they already knew there was absolutely no objective credible evidence defendant KATHERINE CHOW was raped or otherwise sexually assaulted.

101.    Plaintiff alleges on or about August 2, 2012, defendants' RICH, INTELISANO &

16

KATZ, LLP; KATHERINE CHOW and YASMIN R. SAEED maliciously filed a frivolous second amended federal lawsuit in the Southern District of New York 09 cv 9895 alleging he raped and sexually assaulted defendant KATHERINE CHOW to extort monies out of he and defendant THE CITY OF NEW YORK when they already knew there was absolutely no objective credible evidence defendant KATHERINE CHOW was raped or otherwise sexually assaulted.

102.   Plaintiff alleges on or about November 9, 2012, the Appellate Division, First Department upheld the three (3) official misconduct convictions against him.

103.   Plaintiff alleges the Appellate Division ruled the District Attorney's summation "misstated the law regarding the 'benefit' element of official misconduct by suggesting that mere neglect of duty would qualify as a benefit."

104.   Plaintiff alleges the Appellate Division viewed this as "harmless error" since New York Supreme Court Judge Gregory Carro instructed the jury, summations are not evidence and gave them the proper instructions.

105.   Plaintiff alleges the Appellate Division failed to grasp the severity of the intentional unconstitutional taint by the District Attorney's summation.

106.   Plaintiff alleges New York Supreme Court Judge Gregory Carro should have immediately declared a mistrial for 'Brady' violations and other prosecutorial misconduct.

107.   Plaintiff alleges the Appellate Division should have granted his appeal, reversed the three (3) convictions for official misconduct declaring there was no 'benefit' within the meaning of the statute and dismiss the indictment, in the alternative, declare a mistrial due to 'Brady' violations and other prosecutorial misconduct.

108.   Plaintiff alleges the Appellate Division's decision did not specifically analyze the

17

meaning of 'benefit' an essential element of the official misconduct statute.

109.    Plaintiff alleges the Appellate Division intentionally sidestepped analyzing the legislative intent of the term 'benefit' in order to uphold the three (3) official misconduct convictions against him.

110.    Plaintiff alleges the Appellate Division intentionally sidestepped analyzing the legislative intent of the term 'benefit' because they made a value judgment of his conduct and knew if they analyzed the term 'benefit' for the legislative intent, they would have reached the legal conclusion that no crime was committed.

111.    Plaintiff alleges the Appellate Division's actions violated his constitutional rights to be treated equally under the law.

112.    Plaintiff alleges the New York Court of Appeals denied his appeal to review the Appellate Division's actions.

113.    Plaintiff alleges the New York Court of Appeals denied his appeal because they made a value judgment of his conduct.

114.    Plaintiff alleges on or about December 20, 2012, he surrendered to New York Supreme Court Judge Gregory Carro, who then ordered him remanded and sent to Rikers Island in Bronx County to serve his sentence.

115.    Plaintiff alleges immediately thereafter, he filed an emergency application for a Temporary Restraining Order in the United States District Court of the Southern District of New York.

116.    Plaintiff alleges Southern District Judge Richard Sullivan denied the emergency petition even chiding him for seeking court intervention based upon his own value judgment of his conduct.

18

117.    Plaintiff alleges Southern District Judge Richard Sullivan did not analyze whether defendants' THE CITY OF NEW YORK; CYRUS VANCE; LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TAACHI; CHARLES V. CAMPISI; EAMON F. DEERY; MARIA COOD-PEREZ; HOME BOX OFFICE, INC.; LISA F. JACKSON; BAUMAN, KATZ & GRILL, LLP; RICH, INTELISANO & KATZ, LLP; KATHERINE CHOW and YASMINE R. SAEED violated his constitutional rights.

118.    Plaintiff immediately began serving his sentence on Rikers Island and placed with violent high profile prisoners.

119.    Plaintiff alleges on or about March 4, 2013, Southern District Judge Shira A. Scheindlin dismissed the federal civil rights claims filed by defendants' RICH, INTELISANO & KATZ, LLP; KATHERINE CHOW and YASMIN R. SAEED against defendant THE CITY OF NEW YORK pursuant to Rule 12 of the Federal Rules of Civil Procedure.

120.    Plaintiff alleges on or about June 3, 2013, Southern District Judge Richard Sullivan denied his writ of habeas corpus challenging his three (3) convictions for official misconduct.

121.    Plaintiff alleges Southern District Judge Richard Sullivan denied his writ of habeas corpus because he made a value judgment of his conduct as opposed to analyze whether defendants' THE CITY OF NEW YORK; CYRUS VANCE; LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TAACHI; CHARLES V. CAMPISI; EAMON F. DEERY; MARIA COOD-PEREZ; HOME BOX OFFICE, INC.; LISA F. JACKSON; BAUMAN, KATZ & GRILL, LLP; RICH, INTELISANO & KATZ, LLP; KATHERINE CHOW and YASMINE R. SAEED violated his constitutional rights.

122.    Plaintiff alleges in or around August 2013, he was released from Rikers Island

19

after being denied early release several times.

123.    Plaintiff alleges on or about March 12, 2014, the United States Court of Appeals for the Second Circuit affirmed Southern District Judge Shira A. Scheindlin's March 4, 2013 Opinion and Order dismissing the federal civil rights claims filed by defendants' RICH, INTELISANO & KATZ, LLP; KATHERINE CHOW and YASMIN R. SAEED against defendant THE CITY OF NEW YORK pursuant to Rule 12 of the Federal Rules of Civil Procedure.

124.    Plaintiff alleges based upon the aforementioned collective actions, defendants' THE CITY OF NEW YORK; CYRUS VANCE; LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TAACHI; CHARLES V. CAMPISI; EAMON F. DEERY; MARIA COOD-PEREZ; HOME BOX OFFICE, INC.; LISA F. JACKSON; BAUMAN, KATZ & GRILL, LLP; RICH, INTELISANO & KATZ, LLP; KATHERINE CHOW and YASMINE R. SAEED'S violated his constitutional rights.

## VIOLATIONS AND CLAIMS ALLEGED

### COUNT I
### RACE DISCRIMINATION
### IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981

125.    Plaintiff re-alleges Paragraphs 1 through 124 and incorporates them by reference as Paragraphs 1 through 124 of Count I of this Verified Complaint.

126.    Plaintiff alleges defendants' THE CITY OF NEW YORK; CYRUS VANCE; LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TAACHI; CHARLES V. CAMPISI; EAMON F. DEERY; MARIA COOD-PEREZ; HOME BOX OFFICE, INC.; LISA F. JACKSON; BAUMAN, KATZ & GRILL, LLP; RICH, INTELISANO & KATZ, LLP; KATHERINE CHOW and YASMINE R. SAEED interfered with his rights to

enforce contracts under the color of state law because of his race.

127.    Plaintiff alleges defendants' THE CITY OF NEW YORK; CYRUS VANCE; LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TAACHI; CHARLES V. CAMPISI; EAMON F. DEERY; MARIA COOD-PEREZ; HOME BOX OFFICE, INC.; LISA F. JACKSON; BAUMAN, KATZ & GRILL, LLP;  RICH, INTELISANO & KATZ, LLP; KATHERINE CHOW and YASMINE R. SAEED acted in collusion with one another perpetuating a fraud upon the criminal justice system causing him to be arrested and prosecuted for Rape in the First Degree and Burglary in the Second Degree for their pecuniary gain.

128.    Plaintiff alleges defendants' THE CITY OF NEW YORK; CYRUS VANCE; LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TAACHI; CHARLES V. CAMPISI; EAMON F. DEERY; MARIA COOD-PEREZ; HOME BOX OFFICE, INC.; LISA F. JACKSON; BAUMAN, KATZ & GRILL, LLP;  RICH, INTELISANO & KATZ, LLP; KATHERINE CHOW and YASMINE R. SAEED acted in collusion with one another causing him to be prosecuted and convicted of three (3) counts of official misconduct.

129.    Plaintiff alleges defendants' THE CITY OF NEW YORK; CYRUS VANCE; LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TAACHI; CHARLES V. CAMPISI; EAMON F. DEERY; MARIA COOD-PEREZ; HOME BOX OFFICE, INC.; LISA F. JACKSON; BAUMAN, KATZ & GRILL, LLP;  RICH, INTELISANO & KATZ, LLP; KATHERINE CHOW and YASMINE R. SAEED caused him to be sentenced and serve one (1) year on Rikers Island although probation was recommended.

130.    Plaintiff alleges defendants' THE CITY OF NEW YORK; CYRUS VANCE; LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TAACHI;

CHARLES V. CAMPISI; EAMON F. DEERY; MARIA COOD-PEREZ; HOME BOX

OFFICE, INC.; LISA F. JACKSON; BAUMAN, KATZ & GRILL, LLP; RICH, INTELISANO

& KATZ, LLP; KATHERINE CHOW and YASMINE R. SAEED acting in collusion with one

with one another as indicated above, causing his employment with defendant THE CITY OF

NEW YORK to be terminated.

     131.   Plaintiff alleges defendants' THE CITY OF NEW YORK; CYRUS VANCE;

LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TAACHI;

CHARLES V. CAMPISI; EAMON F. DEERY; MARIA COOD-PEREZ; HOME BOX

OFFICE, INC.; LISA F. JACKSON; BAUMAN, KATZ & GRILL, LLP; RICH, INTELISANO

& KATZ, LLP; KATHERINE CHOW and YASMINE R. SAEED caused him to sustain

damages to his reputation, financial interests, mental anguish and to incur significant legal

expenses.

**COUNT II**
**ABUSE OF AUTHORITY**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

     132.   Plaintiff re-alleges Paragraphs 1 through 131 and incorporates them by reference

as Paragraphs 1 through 131 of Count II of this Verified Complaint.

     133.   Plaintiff alleges defendants' THE CITY OF NEW YORK; CYRUS VANCE;

LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TAACHI;

CHARLES V. CAMPISI; EAMON F. DEERY; MARIA COOD-PEREZ; HOME BOX

OFFICE, INC.; LISA F. JACKSON; BAUMAN, KATZ & GRILL, LLP; RICH, INTELISANO

& KATZ, LLP; KATHERINE CHOW and YASMINE R. SAEED under color of law, personally

interfered with and deprived him of his constitutional rights due to his race and political

affiliation.

22

134.   Plaintiff alleges defendants' THE CITY OF NEW YORK; CYRUS VANCE; LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TAACHI; CHARLES V. CAMPISI; EAMON F. DEERY; MARIA COOD-PEREZ; HOME BOX OFFICE, INC.; LISA F. JACKSON; BAUMAN, KATZ & GRILL, LLP; RICH, INTELISANO & KATZ, LLP; KATHERINE CHOW and YASMINE R. SAEED under color of law, as employees and/or agents of defendant THE CITY OF NEW YORK either acted in a concerted, malicious intentional pattern to deprive him of his constitutional rights or knowing such constitutional violations was taking place, knowingly omitted to protect him from continuing deprivations of his constitutional rights.

135.   Plaintiff alleges defendants' THE CITY OF NEW YORK; CYRUS VANCE; LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TAACHI; CHARLES V. CAMPISI; EAMON F. DEERY; MARIA COOD-PEREZ; HOME BOX OFFICE, INC.; LISA F. JACKSON; BAUMAN, KATZ & GRILL, LLP; RICH, INTELISANO & KATZ, LLP; KATHERINE CHOW and YASMINE R. SAEED acted in collusion with one another perpetuating a fraud upon the criminal justice system causing him to be arrested and prosecuted for Rape in the First Degree and Burglary in the Second Degree for their pecuniary gain.

136.   Plaintiff alleges defendants' THE CITY OF NEW YORK; CYRUS VANCE; LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TAACHI; CHARLES V. CAMPISI; EAMON F. DEERY; MARIA COOD-PEREZ; HOME BOX OFFICE, INC.; LISA F. JACKSON; BAUMAN, KATZ & GRILL, LLP; RICH, INTELISANO & KATZ, LLP; KATHERINE CHOW and YASMINE R. SAEED acted in collusion with one another perpetuating a fraud upon the criminal justice system causing him to be prosecuted and

23

convicted of three (3) counts of official misconduct.

137.    Plaintiff alleges defendants' THE CITY OF NEW YORK; CYRUS VANCE; LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TAACHI; CHARLES V. CAMPISI; EAMON F. DEERY; MARIA COOD-PEREZ; HOME BOX OFFICE, INC.; LISA F. JACKSON; BAUMAN, KATZ & GRILL, LLP;  RICH, INTELISANO & KATZ, LLP; KATHERINE CHOW and YASMINE R. SAEED caused him to be sentenced and serve one (1) year on Rikers Island although probation was recommended.

138.    Plaintiff alleges defendants' THE CITY OF NEW YORK; CYRUS VANCE; LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TAACHI; CHARLES V. CAMPISI; EAMON F. DEERY; MARIA COOD-PEREZ; HOME BOX OFFICE, INC.; LISA F. JACKSON; BAUMAN, KATZ & GRILL, LLP;  RICH, INTELISANO & KATZ, LLP; KATHERINE CHOW and YASMINE R. SAEED acting in collusion with one with one another as indicated above, causing his employment with defendant THE CITY OF NEW YORK to be terminated.

139.    Plaintiff alleges defendants' THE CITY OF NEW YORK; CYRUS VANCE; LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TAACHI; CHARLES V. CAMPISI; EAMON F. DEERY; MARIA COOD-PEREZ; HOME BOX OFFICE, INC.; LISA F. JACKSON; BAUMAN, KATZ & GRILL, LLP;  RICH, INTELISANO & KATZ, LLP; KATHERINE CHOW and YASMINE R. SAEED caused him to sustain damages to his reputation, financial interests, mental anguish and to incur significant legal expenses.

## COUNT III
## VIOLATION OF THE FOURTH AMENDMENT
### FALSE ARREST
### IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

140.    Plaintiff re-alleges Paragraphs 1 through 139 and incorporates them by reference as Paragraphs 1 through 139 of Count III of this Verified Complaint.

141.    Plaintiff alleges defendants' THE CITY OF NEW YORK; CYRUS VANCE; LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TAACHI; CHARLES V. CAMPISI; EAMON F. DEERY; MARIA COOD-PEREZ and KATHERINE CHOW intended to confine him.

142.    Plaintiff alleges he was conscious of the confinement.

143.    Plaintiff alleges he did not contest the confinement.

144.    Plaintiff alleges the confinement was not otherwise privileged.

145.    Plaintiff alleges defendants' THE CITY OF NEW YORK; CYRUS VANCE; LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TAACHI; CHARLES V. CAMPISI; EAMON F. DEERY; MARIA COOD-PEREZ and KATHERINE CHOW did not have probable cause to arrest him.

## COUNT IV
## VIOLATION OF THE FOURTH AMENDMENT
### MALICIOUS PROSECUTION
### IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

146.    Plaintiff re-alleges Paragraphs 1 through 145 and incorporates them by reference as Paragraphs 1 through 145 of Count IV of this Verified Complaint.

147.    Plaintiff alleges defendants' THE CITY OF NEW YORK; CYRUS VANCE; LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TAACHI;

25

CHARLES V. CAMPISI; EAMON F. DEERY; MARIA COOD-PEREZ; HOME BOX OFFICE, INC.; LISA F. JACKSON; BAUMAN, KATZ & GRILL, LLP; RICH, INTELISANO & KATZ, LLP; KATHERINE CHOW and YASMINE R. SAEED under color of law, personally interfered with and deprived him of his constitutional rights.

148.    Plaintiff alleges defendants' THE CITY OF NEW YORK; CYRUS VANCE; LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TAACHI; CHARLES V. CAMPISI; EAMON F. DEERY; MARIA COOD-PEREZ and KATHERINE CHOW initiated and continued a criminal proceeding against him.

149.    Plaintiff alleges he was acquitted, as part of the criminal proceeding related to Rape in the First Degree and Burglary in the Second Degree.

150.    Plaintiff was convicted of three (3) counts of official misconduct based upon New York Supreme Court Judge Gregory Carro refusing to charge the jury with the correct statutory interpretation of the term 'benefit' consistent with the legislative intent.

151.    Plaintiff alleges defendants' THE CITY OF NEW YORK; CYRUS VANCE; LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TAACHI; CHARLES V. CAMPISI; EAMON F. DEERY; MARIA COOD-PEREZ and KATHERINE CHOW arrested him and continued with the prosecution although they had no probable cause.

152.    Plaintiff alleges defendants' THE CITY OF NEW YORK; CYRUS VANCE; LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TAACHI; CHARLES V. CAMPISI; EAMON F. DEERY; MARIA COOD-PEREZ and KATHERINE CHOW continued the prosecution with malice for their own pecuniary gain.

**COUNT V**
**MONELL CLAIM**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

153.    Plaintiff re-alleges Paragraphs 1 through 152 and incorporates them by reference as Paragraphs 1 through 152 of Count V of this Verified Complaint.

154.    Plaintiff alleges defendant THE CITY OF NEW YORK'S actions were under color of law.

155.    Plaintiff alleges he sustained constitutional injuries because of defendant THE CITY OF NEW YORK'S "official policies" as applied by the Manhattan District Attorney's Office and NYPD Internal Affairs Bureau.

**COUNT VI**
**FAILURE TO TRAIN**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

156.    Plaintiff re-alleges Paragraphs 1 through 155 and incorporates them by reference as Paragraphs 1 through 155 of Count VI of this Verified Complaint.

157.    Plaintiff alleges defendant THE CITY OF NEW YORK knows to a moral certainty that its employees will confront a given situation.

158.    Plaintiff alleges the situation presents the employee with a difficult choice of the sort either that training will make less difficult or that there is a history of employees mishandling the situation.

159.    Plaintiff alleges mishandling those situations will frequently cause the deprivation of a citizen's constitutional rights.

160.    Plaintiff alleges because defendant THE CITY OF NEW YORK'S failure to train its employees he sustained constitutional injuries.

**COUNT VII**
**FAILURE TO SUPERVISE**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

27

161.    Plaintiff re-alleges Paragraphs 1 through 160 and incorporates them by reference as Paragraphs 1 through 160 of Count VII of this Verified Complaint.

162.    Plaintiff alleges defendant THE CITY OF NEW YORK knows to a moral certainty that its employees will confront a given situation.

163.    Plaintiff alleges the situation presents the employee with a difficult choice of the sort either that supervision will make less difficult or that there is a history of employees mishandling the situation.

164.    Plaintiff alleges mishandling those situations will frequently cause the deprivation of a citizen's constitutional rights.

165.    Plaintiff alleges because defendant THE CITY OF NEW YORK'S failure to supervise its employees he sustained constitutional injuries.

### COUNT VIII
### CONSPIRACY
### IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1985

166.    Plaintiff re-alleges Paragraphs 1 through 165 and incorporates them by reference as Paragraphs 1 through 165 of Count VIII of this Verified Complaint.

167.    Plaintiff alleges defendants' THE CITY OF NEW YORK; CYRUS VANCE; LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TAACHI; CHARLES V. CAMPISI; EAMON F. DEERY; MARIA COOD-PEREZ; HOME BOX OFFICE, INC.; LISA F. JACKSON; BAUMAN, KATZ & GRILL, LLP; RICH, INTELISANO & KATZ, LLP; KATHERINE CHOW and YASMINE R. SAEED under color of law, personally interfered with and deprived him of his constitutional rights due to his race.

168.    Plaintiff alleges defendants' THE CITY OF NEW YORK; CYRUS VANCE;

28

LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TAACHI;

CHARLES V. CAMPISI; EAMON F. DEERY; MARIA COOD-PEREZ; HOME BOX

OFFICE, INC.; LISA F. JACKSON; BAUMAN, KATZ & GRILL, LLP;  RICH, INTELISANO

& KATZ, LLP; KATHERINE CHOW and YASMINE R. SAEED under color of law either

acted in a concerted, malicious intentional pattern to further violate his constitutional rights or

knowing such constitutional violations was taking place, knowingly omitted to protect him.

     169.    Plaintiff alleges defendants' THE CITY OF NEW YORK; CYRUS VANCE;

LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TAACHI;

CHARLES V. CAMPISI; EAMON F. DEERY; MARIA COOD-PEREZ and KATHERINE

CHOW acted in collusion with one another perpetuating a fraud upon the criminal justice system

causing him to be arrested for Rape in the First Degree and Burglary in the Second Degree for

their pecuniary gain.

     170.    Plaintiff alleges defendants' THE CITY OF NEW YORK; CYRUS VANCE;

LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TAACHI;

CHARLES V. CAMPISI; EAMON F. DEERY; MARIA COOD-PEREZ; HOME BOX

OFFICE, INC.; LISA F. JACKSON; BAUMAN, KATZ & GRILL, LLP;  RICH, INTELISANO

& KATZ, LLP; KATHERINE CHOW and YASMINE R. SAEED acted in collusion with one

another perpetuating a fraud upon the criminal justice system causing him to be prosecuted and

convicted of three (3) counts of official misconduct.

     171.    Plaintiff alleges defendants' THE CITY OF NEW YORK; CYRUS VANCE;

LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TAACHI;

CHARLES V. CAMPISI; EAMON F. DEERY; MARIA COOD-PEREZ; HOME BOX

OFFICE, INC.; LISA F. JACKSON; BAUMAN, KATZ & GRILL, LLP;  RICH, INTELISANO

& KATZ, LLP; KATHERINE CHOW and YASMINE R. SAEED caused him to be sentenced

and serve one (1) year on Rikers Island although probation was recommended.

172.   Plaintiff alleges defendants' THE CITY OF NEW YORK; CYRUS VANCE;

LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TAACHI;

CHARLES V. CAMPISI; EAMON F. DEERY; MARIA COOD-PEREZ; HOME BOX

OFFICE, INC.; LISA F. JACKSON; BAUMAN, KATZ & GRILL, LLP;  RICH, INTELISANO

& KATZ, LLP; KATHERINE CHOW and YASMINE R. SAEED acting in collusion with one

with one another as indicated above, causing his employment with defendant THE CITY OF

NEW YORK to be terminated.

173.   Plaintiff alleges defendants' THE CITY OF NEW YORK; CYRUS VANCE;

LISA FRIEL; COLEEN BALBERT; RANDOLPH CLARKE; EDWARD J. TAACHI;

CHARLES V. CAMPISI; EAMON F. DEERY; MARIA COOD-PEREZ; HOME BOX

OFFICE, INC.; LISA F. JACKSON; BAUMAN, KATZ & GRILL, LLP;  RICH, INTELISANO

& KATZ, LLP; KATHERINE CHOW and YASMINE R. SAEED caused him to sustain

damages to his reputation, financial interests, mental anguish and to incur significant legal

expenses.

## JURY TRIAL

174.   Plaintiff demands a trial by jury of all issues in this action that are so triable.

## PRAYER FOR RELIEF

Wherefore, plaintiff demands compensatory and punitive damages from defendants' THE

CITY OF NEW YORK; CYRUS VANCE; LISA FRIEL; COLEEN BALBERT; RANDOLPH

CLARKE; EDWARD J. TAACHI; CHARLES V. CAMPISI; EAMON F. DEERY; MARIA

COOD-PEREZ; HOME BOX OFFICE, INC.; LISA F. JACKSON; BAUMAN, KATZ &

GRILL, LLP;  RICH, INTELISANO & KATZ, LLP; KATHERINE CHOW and YASMINE R.

SAEED jointly and severally, in an amount of $175 Million Dollars including both legal and

equitable, and interests and costs.

Dated:  July 29, 2014
        New York, NY

                              Respectfully submitted,

                              By: _____
                                   Eric Sanders

                              Eric Sanders, Esq.
                              **THE SANDERS FIRM, P.C.**
                              1140 Avenue of the Americas, 9th Floor
                              New York, NY 10036
                              (800) 371-4835 (Business Telephone)
                              (212) 537-9081 (Facsimile)

                              Website: http://www.thesandersfirmpc.com

31

## ATTORNEY VERIFICATION

STATE OF NEW YORK
        SS:

COUNTY OF NEW YORK

      **ERIC SANDERS, ESQ.,** affirms as follows:

      I am an attorney at law admitted to practice in the Courts of the State of New York, and I am the attorney for the plaintiff in the within action, and as such, am familiar with all the facts and circumstances therein.

      That the foregoing Verified Complaint is true to the knowledge of affirmant, except as to those matters therein stated to be alleged upon information and belief, and that as to those matters he believes it to be true.

      Affirmant further states that the reason that this verification is made by affirmant and not by plaintiff is that plaintiff is not within the county of New York, where affirmant maintains his office.

      Affirmant further states, that the sources of his knowledge and information are reports of investigations, conversations, writings memoranda and other data concerning the subject matter of the litigation.

      The undersigned attorney affirms that the foregoing statements are true, under the penalties of perjury and pursuant to Rule 2106 CPLR.

Dated:  July 29, 2014
      New York, NY

                      Respectfully submitted,

                      By:
                          Eric Sanders

                      Eric Sanders, Esq.
                      **THE SANDERS FIRM, P.C.**
                      1140 Avenue of the Americas, 9th Floor
                      New York, NY 10036
                      (800) 371-4835 (Business Telephone)
                      (212) 537-9081 (Facsimile)

                      Website: http://www.thesandersfirmpc.com

Index No.:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF THE BRONX

KENNETH J. MORENO

Plaintiff,

    -against-

THE CITY OF NEW YORK; CYRUS VANCE, as District Attorney, New York County; LISA FRIEL, as Former Bureau Chief, Sex Crimes Unit, New York County District Attorney's Office; COLEEN BALBERT, as Former Deputy Bureau Chief, Sex Crimes Unit, New York County District Attorney's Office; RANDOLPH CLARKE, as Assistant District Attorney, New York County District Attorney's Office; EDWARD J. TAACHI, as Former Senior Investigator, Investigations Unit, New York County District Attorney's Office; CHARLES V. CAMPISI, as Former Bureau Chief, NYPD Internal Affairs Bureau; EAMON F. DEERY, as Captain, NYPD Internal Affairs Bureau Group No.: 12; MARIA COOD-PEREZ, as Lieutenant, NYPD Internal Affairs Bureau Group No.: 12, each being sued individually and in their official capacities as employees of defendant THE CITY OF NEW YORK; HOME BOX OFFICE, INC. and LISA F. JACKSON, as Filmmaker, Home Box Office, Inc., each being sued individually and in their official capacities as employees of defendant HOME BOX OFFICE, INC.; BAUMAN, KATZ & GRILL, LLP; RICH, INTELISANO & KATZ, LLP; KATHERINE CHOW; DANIEL. E. KATZ, as a Partner and employee of defendants' BAUMAN, KATZ & GRILL, LLP and RICH, INTELISANO & KATZ, LLP, being sued individually and in his official capacity and YASMINE R. SAEED as an employee of defendants' BAUMAN, KATZ & GRILL, LLP and RICH, INTELISANO & KATZ, LLP, being sued individually and in her official capacity

Defendants

## VERIFIED COMPLAINT

*Duly submitted by:*            Eric Sanders, Esq.
                            Attorney for Plaintiff NIURKA ARIAS
                            THESANDERS FIRM, P.C.
                            1140 Avenue of the Americas, 9th Floor
                            New York, NY 10036
                            (800) 371-4835 (Business Telephone)